*PATRICK BUTLER, Respondent, v. CLARK RICE, Appellant.

*Right to use of land as a compensation for services — forfeited by a breach of the contract of service.*

Plaintiff and defendant entered into a contract whereby the former agreed to work for the latter for the term of eight months, for which services defendant agreed to pay him twenty dollars per month and give him the use of an acre of land upon which to plant potatoes. The plaintiff commenced to work March fifteenth, under the contract, and continued so to do until July twentieth, when he left defendant's service without just cause, having before doing so planted potatoes on the acre land of which he was entitled to the use by the terms of the contract.

*Held,* that by leaving defendant's services without cause, he forfeited all right to the use of the land, and that defendant was entitled to the crop of potatoes.

APPEAL from the judgment of the County Court of Allegany county.

The action was commenced before a justice of the peace of said county to recover the value of a quantity of potatoes, alleged to be the property of the plaintiff and which the defendant converted to his own use.

In the winter of 1874–1875 the defendant entered into a contract with plaintiff, whereby the latter agreed to work for the former for the term of eight months, for which service the defendant agreed to pay plaintiff twenty dollars per month and give him the use of an acre of land on which to plant potatoes. The term of service was to commence on the 15th of March, 1875. The plaintiff commenced to work under the contract on the day last mentioned, and continued to work until about the 20th of July, 1875, when he left defendant's service without cause. The defendant caused the potatoes planted by plaintiff on the acre aforesaid to be dug and put into his cellar. There were about 100 bushels of them.

After the plaintiff left defendant's service the latter sued him for damages, sustained by him by reason of plaintiff's breach of the contract, before a justice of the peace. Evidence was

given on that trial by defendant, that he had paid plaintiff $31.90 more than his wages amounted to for the term he worked for defendant, and of the breach of the contract by plaintiff. Among the items charged to the plaintiff by the defendant was three dollars for the seed potatoes planted on the acre of land assigned by defendant to plaintiff; one dollar for working and marking potatoe ground, and two dollars for plowing and cultivating the same. These services were rendered in June, 1875 ; the court rendered judgment in that action in favor of the plaintiff therein for $106.53.

The defendant in his answer in this action denied the allegations of the complaint, and for a second defence alleged that the plaintiff occupied the land on which the potatoes were raised as tenant at will of the defendant, and that he terminated the tenancy by his own fault, and as a third defence that the defendant recovered a judgment against the plaintiff for a breach of the contract of hiring. The justice, after hearing the proofs and allegations of the parties, rendered judgment in favor of the plaintiff, and against the defendant for damages and costs.

The defendant appealed to the County Court of Allegany county, in which court a trial of the issues between the parties was had before a jury, and judgment was rendered in favor of the plaintiff for the sum of $35.80 damages, together with costs, and from that judgment the defendant appeals to this court.

*E. E. & G. W. Harding,* for the appellant. The judgment which the defendant recovered against the plaintiff before Washington White, justice of the peace, adjudicated the fact that the plaintiff violated his contract of hiring with the defendant, and is a bar to this action. (*Davis* v. *Talcott,* 12 N. Y., 184; *Gates* v. *Preston,* 41 id., 113; *Collins* v. *Bennett,* 46 id., 490.) It is a well settled rule of law that where a servant agrees to work a certain specified time for a consideration, and without cause abandons the contract before he has served the required period, he can maintain no action for what he has done under the contract. (*Lantry* v. *Parks,* 8 Cow., 63; *Monell* v. *Burns,* 4 Denio, 121; *Huntington* v. *Clafflin,* 10 Bosw., 262; *McGee* v. *Gibson,* 1 B. Munroe, 105; *Debow* v. *Colfax,* 5 Halsted R., 128.) A tenant at will who

through his own fault terminates his estate is not entitled to emblements. (Cruise on Real Property, title 9, chap. 1 sec. 12, vol. 1. p. 271; Washburne on Real Property, vol. 1, p. 583 [4th ed.], and pp. 132–138; 2 Flint on Real Property, 216; Coke Lit., 55 *b*; *Davis* v. *Thompson*, 13 Me., 209; *Sherburne* v. *Jones*, 20 id., 70; *Brown* v. *Thurston*, 56 id., 126; *Shepard* v. *Philbrick*, 2 Denio, 174; *Lane* v. *King*, 8 Wend., 584; *Aldrich* v. *Reynolds*, 1 Barb. Ch., 913.) The privity between the plaintiff and defendant being destroyed, and the defendant being in possession of this land is entitled to this field of growing potatoes. (*Demott* v. *Hagerman*, 8 Cow. 220.)

*A. P. Laning*, for the respondent.

MULLIN, P. J. :

The use of the land on which to raise a crop of potatoes was a part of the compensation that plaintiff was to receive for his services for the defendant for the term of eight months. When he abandoned defendant's employ without the fault of the defendant, all right to compensation ceased, and he became liable to defendant for such damages as he sustained by reason of the breach. The right to the use of the land ceased at the same time as his right to the twenty dollars per month.

It would not be seriously claimed that, after a breach of the contract the plaintiff was entitled to any part of his wages, not even that which he had earned before the breach.

Had the agreement between the parties been, that as part of plaintiff's compensation for his services, he should have the use of defendant's horse, and had he abandoned defendant's employ without cause before the expiration of the term for which he had agreed to work for defendant, it would not be claimed that his right to retain the horse did not instantly cease, and the right of the defendant to its possession become perfect. I am unable to perceive any distinction between the right of the defendant to the horse, and his right to the possession of the land and whatever was growing upon it.

Could the interest of the plaintiff in the land be considered strictly a tenancy at will, he would be entitled to the potatoes.

Chancellor KENT in his Commentaries (vol. 4, p. 111) says : " It was determined very anciently that estates at will were equally at the will of both parties, and neither of them was permitted to exercise his pleasure in a wanton manner and contrary to equity and good faith. The lessor could not determine the estate after the tenant had sowed and before he reaped, so as to prevent the necessary ingress and regress to take the emblements.

" The possession of the land on which the crop is growing continues in the tenant until the time of taking it arrives."

But this proposition has no application to the case of a tenant who has himself terminated the tenancy without the fault of the lessor. This was directly held in *McGee* v. *Gibson* (1 B. Munroe, 105) ; see, also, Cruise on Real Property (title 9, chap. 1, § 12); Washb. on Real Property (vol. 1, p. 584) ; Coke on Litt. (55–56).

The judgment in the former suit brought by defendant against plaintiff is not a bar to this action. In that action defendant claimed to recover damages for plaintiff's breach of the contract to work for defendant eight months. The value of the use of the land, prior to the breach, was not recoverable as damages for the breach of the contract. The use was part of the wages to be paid, and the use could not be recovered for, any more than money paid for wages earned could be recovered back. There is nothing in the complaint in the former suit, nor in the evidence before the justice, tending to show that defendant sought to recover for the use of the land, subsequent to the breach of the contract.

The defendant in his suit against the plaintiff recovered for the seed potatoes that plaintiff planted on the land in question, and for work done upon it in preparing it for the crop. The plaintiff became indebted to the defendant for these things months before he, (plaintiff), abandoned the contract, and defendant did not lose his right to recover for them, because plaintiff subsequently violated his contract. If there is any injustice in the claim, plaintiff has no one to blame for it but himself. Had such a claim been made in the complaint, or proved on the trial, the judgment would have been a bar to this action. It is unnecessary to consider the other exceptions to the rulings on the trial and to the charge ; the judgment for the reasons already suggested is erroneous and must be reversed.

Judgment reversed, and new trial ordered in the County Court of Allegany county.

Present — Mullin, P. J., Talcott and Smith, JJ.

Judgment and order reversed, and new trial ordered in Allegany County Court, costs to abide event.